# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| GERRY BEY,<br>    Petitioner | Case No. 1:10-cv-115 |
| vs | Dlott, J.<br>Black, M.J. |
| MELBA D. MARSH,<br>    Respondent | **REPORT AND<br>RECOMMENDATION** |

On February 22, 2010, petitioner submitted an unsigned petition for a writ of mandamus for filing. (Doc. 1). On February 24, 2010, petitioner was ordered to sign his petition and return it to the Clerk of Court within thirty (30) days if he still wished to file a petition for a writ of mandamus in this Court. (Doc. 2). Petitioner was also ordered to pay the full filing fee of $350.00 or submit an application and affidavit to proceed *in forma pauperis* within thirty (30) days. *Id*. Petitioner was advised that his petition would not be deemed as "filed" in this action until the appropriate filing fee is paid or he is granted leave to proceed *in forma pauperis*. *See Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). Petitioner was also advised that his failure to comply with the Court's order would result in the dismissal of his case. (Doc. 2).

On March 30, 2010, Mr. Bey filed a document entitled "Affidavit of Financial Statement." (Doc. 4). Although Mr. Bey labels this document as an "affidavit," it is not taken before a person having authority to witness the affirmation, such as a notary public. An affidavit is required to be sworn to by the affiant in front of an officer authorized to administer oaths. *See Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475 (6th Cir. 2002). Nor does the document amount to an unsworn declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. In addition, petitioner has failed to include any information about his assets and debts showing he is unable

to afford the filing fee in this matter.

Title 28 U.S. C. § 1915(a)(1) requires individuals seeking pauper status to file an affidavit which includes "a statement of all assets" that the person possesses. The Sixth Circuit has interpreted this requirement to mean that individuals seeking pauper status must file either Form 4 in the Appendix of Forms of the Federal Rules of Appellate Procedure or an affidavit which contains the same information contained in this form. *See Floyd v. U.S. Postal Service*, 105 F.3d 274, 277 (6th Cir. 1997), *overruled in part on other grounds*, *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999). "Failure to file this affidavit mandates that the pauper request be denied." *Floyd,* 105 F.3d at 277. Therefore, petitioner is not permitted to proceed *in forma pauperis* in this case.

In addition, Mr. Bey has failed to submit a signed mandamus petition to institute this action in accordance with the Court's Order.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, dismissal is appropriate.

**IT IS THEREFORE RECOMMENDED THAT:**

1. This matter be **DISMISSED** with prejudice for lack of prosecution and for failure to obey an order of the Court.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal

of this Court's Order would not be taken in good faith and therefore denies petitioner leave to appeal *in forma pauperis*. Petitioner, a non-prisoner, remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 4/1/2010                          s/Timothy S. Black
                                                                         Timothy S. Black
                                                                         United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| GERRY BEY,<br>    Petitioner | Case No. 1:10-cv-115 |
| | Dlott, J. |
| vs | Black, M.J. |
| MELBA D. MARSH,<br>    Respondent | **NOTICE REGARDING THE FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION** |

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to these proposed findings and recommendations within **FOURTEEN DAYS** after being served with this Report and Recommendation ("R&R").  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days (excluding intervening Saturdays, Sundays, and legal holidays) because this R&R is being served by mail.  That period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the R&R is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).